IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS HOWARD, | ) |
| | ) |
|       Petitioner, | )    No. 2:04-cv-0083-JKS-KJM |
| | ) |
| vs. | ) |
| | ) |
| SCOTT KERNAN, Warden, | )    <u>DECISION</u> |
| | ) |
|       Respondent. | ) |
| | ) |
| _____ | ) |

      Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to the Honorable Kimberly J. Mueller, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On March 14, 2007 , the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.  Both parties filed objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and local Rule 72-304, this Court has conducted a de novo review of the record and exercised its independent judgment. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and in the result in conformity with controlling law.  The Court therefore adopts the findings and accepts the recommendations.   A few additional comments are in order.

Howard and two co-defendants--his former wife Cheri Forstein and a co-worker James Stringer--were convicted of murder.[1] Howard's defense was self defense. He raises two issues which were exhausted. The Court will address those issues in reverse order. Howard contends that the trial court committed prejudicial error when it permitted the jury to view a photograph of the victim-decedent a few months before his confrontation with Howard. Since the relative size and girth of Howard and the victim were relevant to Howard's claim of self defense, his claim is that admission of the photograph violated the California equivalent of Federal Rule of Evidence 403, California Evidence Code § 352, because its probative value was outweighed by the risk that it would mislead the jury. The California court found that the photograph was admissible, but even if it wasn't that there was so much evidence in the record regarding the relative size of the victim and Howard that any error was harmless. Assuming without deciding that this is an issue cognizable in a § 2254 proceeding, the California decision did not contravene any decision of the United States Supreme Court. Consequently, this Court adopts the Magistrate Judge's resolution of this issue without further comment.

The second issue is more troubling. Howard argues that the admission of telephone calls that he recorded on his answering machine from his co-defendant former wife, Cherie Lee

---

[1] The convictions of all three were affirmed on appeal and each has sought habeas corpus in this court. Forstein's petition was referred to Magistrate Judge Hollows, who recommended denial, (*Forstein v. Henry*, 2005 WL 1398475 ( E.D. Cal. June 10, 2005), which was adopted by Judge Damrell. *Id*. 2005 WL 2304256 (E.D. Cal. Sep 20, 2005). Forstein appealed and the dismissal was affirmed on appeal. *Forstein v. Henry*, 185 Fed.Appx. 656 (9th Cir. (Cal.) June 19, 2007), *cert denied* 127 S.Ct. 3015 (2006). Stringer's petition was referred to Magistrate Judge Kellison, who recommended denial, *Stringer v. Harrison*, 2007 WL 763224 (E.D. CA March 9, 2007); Stringer raised the same confrontation issues regarding out of court statements, including recorded statements, of Cheri Forstein that are presented here. Judge Karlton adopted the findings and recommendations on March 30, 2007. *Stringer v. Harrison*, 2007 WL 987375 (E.D. Cal. March 30, 2007).

Forstein, violated his rights under the confrontation clause of the United States Constitution made applicable to the states by the Fourteenth Amendment. During the calls Forstein rants on about difficulties she is having with her neighbors who she contends are bothering their son Chad. Forstein threatens the neighbors and Howard with violence and makes racially derogatory comments about the neighbors and about Howard. Her threats to Howard appear an attempt to collect money from him and to persuade him to aid her and Chad in their difficulties with the neighbors. The relevance was to show a motive for Howard and a friend and second co-defendant, James Springer, to show up in the neighborhood brandishing firearms at the time the victim was shot. The state trial court applied *Lilly v. Virginia*, 527 U.S. 116 (1999), and *Ohio v. Roberts*, 448 U.S. 56 (1980), and allowed some of the comments in to show Forstein's state of mind. He excised any accusations Forstein made against Howard regarding Howard's past bad acts except, perhaps, a lack of fatherly feeling.

    The parties briefed this issue under the then controlling law *Lilly* and *Roberts*. While this case was pending in this Court, the United States Supreme Court decided *Crawford v. Washington,* 541 U.S. 36 (2004), which overruled *Roberts* and held that testimonial statements of witnesses absent from trial are admissible only where the declarant is unavailable and the defendant had a prior opportunity to cross-examine the witness. In *Bockting v. Bayer*, 399 F.3d 1010 as amended 408 F.3d 1127 (9th Cir. 2005) the Ninth Circuit held *Crawford* applicable to cases brought seeking collateral review of final judgments. The Magistrate Judge relied upon *Crawford* and concluded that Forstein was unavailable and her ranting to Howard on the phone was not testimonial. These conclusions seem correct. A co-defendant who is tried together with the defendant and has invoked her Fifth Amendment rights and declines to testify at the

defendant's trial is unavailable. *Whelchel v. Washington*, 232 F.3d 1197, 1204-05 (9th Cir. 2000). In *Crawford* the Supreme Court did not definitively define "testimony," though the court did expand on the meaning of the term in the later case *Davis v. Washington*, ___ U.S. ___, 126 S.Ct. 2266 (2006). From these cases a rule can be derived. The paradigm testimonial statement is one given in response to questions intended to produce answers describing past events potentially relevant to later criminal prosecutions, i.e. recorded or written out statements, affidavits or depositions as well as testimony at various pre-trial and administrative hearings. 126 S.Ct. at 2273-74. The *Davis* court cautioned that interrogation was not always necessary since volunteered statements or answers to open ended questions might violate the confrontation clause. *Id*. n.1 at 2274. The court noted that not all hearsay is testimonial, and that it is the testimonial nature of a statement which separates it from other hearsay which while subject to traditional limitations on hearsay evidence is not subject to the confrontation clause. *Id* at 2273.[2] In this case Forstein's telephone call to Howard did not contain statements about past crimes of Howard in anticipation of his future prosecution for those crimes. The telephone calls occurred on September 7, 8 and 9. The murder had not yet occurred. It occurred on September 22. To the extent Forstein attributed past bad acts to Howard, they were excised except perhaps her contention that he was a bad father which was not offered for the truth of the matter but to show that it was communicated to Howard and might have supplied a motive for his later actions.

Subsequent to the Magistrate Judge's recommendations the United States Supreme Court held that *Crawford* was not to be applied retroactively. *Whorton v. Bockting*, ___ U.S. ___ 127

---

[2] In *Davis* the court was dealing with responses to forms of interrogation. Even the 911 calls involves questions by the person answering the call to clarify the notification. The court was not addressing the entire scope of hearsay that was not testimonial.

S.Ct. 1173 (2007). It seems that where cases had already reached final judgment when *Crawford* was decided would be decided under the prior *Roberts* rule.[3]

In *Ohio v. Roberts*, 448 U.S. 56 (1980), the court held that admission of any hearsay statement against the defendant, testimonial or not, would violate the confrontation clause unless 1) it fell within a firmly rooted hearsay exception; or 2) had other particularized guarantees of trustworthiness, i.e. indicia of reliability. Whether a statement falls within a firmly rooted hearsay exception is decided under federal not state law. *See Lilly v. Virginia*, 527 U.S. 116, 125-26 (1999); *Winzer v. Hall*, 494 F.3d 1192 (9th Cir. 2007). The state trial court admitted the statements on the theory that they fell within the state of mind exception to the hearsay rule. As we shall see the state of mind exception as expressed in Federal Rule of Civil Procedure 803(3) is firmly rooted. But its application here is problematical. *See, e.g.*, *Bains v. Cambra*, 204 F.3d 964, 973-74 (9th Cir. 2000) (discussing the state of mind exception as not permitting admission of declarant's beliefs in order to prove the truth of those beliefs); *United States v. Fontenot*, 14 F.3d 1364 (9th Cir. 1994) (same-state of mind exception limited to statements of condition not to

---

[3] This creates some confusion. As we have seen applying *Crawford* Forstein's statements to Howard were not testimonial and hence not affected by the confrontation clause. But as Justice Alito observes in *Whorton,* statements that pass muster under *Crawford* because they are not testimonial might run a foul of *Roberts* because they were hearsay which did not satisfy a well rooted exception to the hearsay rule and were not otherwise trustworthy. "Under *Roberts*, an out-of-court non-testimonial statement not subject to prior cross-examination could not be admitted without a judicial determination regarding reliability. Under *Crawford*, on the other hand, the confrontation clause has no application to such statements and therefore permits their admission even if they lack indicia of reliability." 127 S.Ct. at 1183-84. Common sense suggests that before returning to an evaluation of whether admission of hearsay violates *Roberts* the court must at the threshold determine whether it is testimonial because unless it is it can't violate the confrontation clause under current law and current law would be applied at any retrial. *See Miller v. Fleming*, 225 Fed.Appx. 606 (9th Cir. 2007) (unpublished, reserving judgment on this argument).

statements of belief).  Forstein's messages extend beyond her present condition and future intentions and cover her beliefs about Howard and the neighbors.[4]

On the other hand as to Howard they were not introduced for their truth but to show that Forstein's demands and threats were communicated to him as circumstantial evidence of his motive.[5]  The fact that she made these complaints to Howard is relevant even if they were not true so long as a jury could infer that they might prompt him to action.  In any event, even if there was a confrontation clause violation, it was harmless beyond reasonable doubt.  Forstein's attitude toward the neighbors was a matter of common knowledge.  Howard's receipt of the phone calls is not disputed.  He recorded them at the suggestion of his attorney for his future use.

CONCLUSION

The California Courts did not violate clearly established federal law in admitting the photograph and Forstein's recorded messages.  Forstein's recorded messages to Howard were not hearsay as to him.   If they were hearsay, they were not testimonial.  If they were, nevertheless, inadmissible under *Roberts* their admission was harmless beyond any reasonable doubt. *Delaware v. Van Arsdall*, 475 U.S. 673 (1986).

---

[4] The state of mind exception as captured in Federal Rule of Evidence 803(3) is a firmly rooted exception to the hearsay rule and would permit admission of Forstein's future plans and intentions against her and against her co-defendants. *See Coy v. Renico*, 414 F.Supp.2d 744 (E.D. Mich. 2006) (citing and discussing the leading federal case *Mutual Life Ins. Co. Of N.Y. v. Hillmon*, 145 U.S. 285 (1892).  *Terrovona v. Kincheloe*, 852 F.2d 424 (9th Cir.1988); *United States v. Astorga-Torres*, 682 F.2d 1331 (9th Cir.), *cert. denied,* 459 U.S. 1040 (1982); *United States v. Pheaster*, 544 F.2d 353 (9th Cir.), *cert. denied, sub nom Inciso v. United States*, 429 U.S. 1099 (1977).

[5] While not the point expressly made by the trial judge, it appears that this evidence was relevant as to Howard's state of mind.

IT IS THEREFORE ORDERED:

1. The findings and recommendations of the Magistrate Judge, except as modified in this Order, are adopted;

2. Petitioner's application for writ of habeas corpus is DENIED;

3. The clerk shall enter final judgment dismissing this petition with prejudice; and

4. The Court will issue a certificate of appealability only as to the confrontation clause issue since the continuing vitality of *Roberts* in cases like this is in doubt. The photograph issue does not warrant a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and (2).

Dated: September 28, 2007.

      /s/James K. Singleton, Jr.
James K. Singleton, Jr.
United States District Judge